Nathan B. Camuti (SBN: 300568)
CAMUTI LAW GROUP APC
33 Brookline
Aliso Viejo, CA 92656
Telephone: (949) 716-5565
Email: nate@camutilaw.com

**NOTE: CHANGES MADE BY THE COURT**

*Attorney for Defendants*
*Wei Bing Marc and GP Lights USA, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREMIERTEK, a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>WEI BING MARC, an individual; PREMIER TEK, INC., a Georgia corporation; GP LIGHTS USA, INC., a Georgia corporation,<br><br>    Defendants. | Case No.: 2:22-cv-08590-MEMF-SK<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER** |

**STIPULATED PROTECTIVE ORDER UNDER**
**FEDERAL RULE OF CIVIL PROCEDURE 26(c)**

Pursuant to Federal Rule of Civil Procedure 26(c), the parties to this Action ("Parties"), through undersigned counsel, jointly submit this Stipulated Protective Order ("Order") to govern the handling of information and materials produced in the course of discovery or filed with the Court in this Action.

A. PURPOSES OF LIMITATIONS

Discovery in this Action is likely to involve production of confidential, proprietary, or privileged information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, to facilitate the exchange of documents and information, which is likely to involve the production of confidential, proprietary, or private information, the following provisions of this Order shall govern disclosure and use by the Parties of all documents, testimony, exhibits, interrogatory answers, responses to requests for admission, and any other materials and information disclosed or provided in this Action.

B. GOOD CAUSE STATEMENT

This Action is likely to involve trade secrets, customer and pricing lists, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this Action. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that

nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### C.    ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The Parties further acknowledge, as set forth in Section 10.2. below, that this Order does not entitle them to file confidential information under seal. Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.

Further, if a party to this Action requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). The Parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause. For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by

specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles and the provisions of this Order. Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

1.   DEFINITIONS

The following capitalized words, as used in this Order, shall be given the meaning attributed to them as follows:

1.1.   Action: this pending federal lawsuit, Case No. 2:22-cv-08590-MEMF-SK.

1.2.   Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

1.3.   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

1.4.   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

1.5. Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

1.6. Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

1.7. Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

1.8. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

1.9. House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.10. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

1.11. Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party and includes support staff.

1.12. Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

1.13. Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

1.14. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.15. Designated Material: any Disclosure or Discovery Material that is labeled, marked, denoted, or otherwise designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1.16. Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

2. SCOPE

Any use of Designated Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Designated Material at trial. The protections conferred by this Order cover not only Designated Material (as defined above), but also (1) any information copied or extracted from Designated Material; (2) all copies, excerpts, summaries, or compilations of Designated Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Designated Material.

3. DURATION

FINAL DISPOSITION of the action is defined as the conclusion of any appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal has run. Except as set forth below, the terms of this Order apply through the FINAL DISPOSITION of this Action. The Parties may stipulate that they will be contractually bound by the terms of this Order beyond FINAL DISPOSITION but will have to file a separate action for enforcement of this Order once all proceedings in this Action are complete. Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this Order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to

proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, for such materials, the terms of this Order do not extend beyond the commencement of the trial.

4. DESIGNATION

4.1. Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

4.2. Precise Designation of Eligible Protected Content. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

4.3. Restrictions on Mass or Improper Designations. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

4.4. Withdrawal of Incorrectly Designated Protected Information. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

4.5. Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

4.6. Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

4.7. Proper Designation. The Parties must properly designate the material or information they intend to protect.

4.7.1. For information in documentary form (e.g., paper, or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL" legend or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents, it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend" to each page that contains Designated Material. If only a portion or portions of the material on a page

qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

        4.7.2. For deposition transcripts and portions thereof taken in this action may be designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the deposition or after, in which case the portion of the transcript intended to be protected under this Order shall be marked or otherwise identified in the transcript by the Court Reporter as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The designated testimony shall be bound in a separate volume and marked by the reporter accordingly. Where testimony is designated during the deposition, the Designating Party shall have the right to exclude, at those portions of the deposition, all persons not authorized by the terms of this Order to receive such Designated Material Within thirty (30) days after a deposition transcript is certified by the court reporter, any party may designate pages of the transcript and/or its exhibits as Designated Material. During such thirty (30) day period, the transcript in its entirety shall be treated as "CONFIDENTIAL" (except for those portions identified earlier as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" which shall be treated accordingly from the date of designation). If any party so designates such material, the parties shall provide written notice of such designation to all parties within the thirty (30) day period. Designated Material within the deposition transcript or the exhibits thereto may be identified in writing by page and line, or by underlining and marking such portions "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and providing such marked-up portions to all counsel.

        4.7.3. For information produced in alternative forms other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5.1. Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's scheduling order.

5.2. Meet and Confer. The Parties acknowledge that the Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

5.3. Burden of Proof. The burden of persuasion in any such challenge proceeding shall be on the Challenging Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6. **ACCESS TO AND USE OF DESIGNATED MATERIAL**

6.1. Basic Principles. A Receiving Party may use Designated Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Designated Material may be disclosed only to the categories of persons and under the conditions described in this Order. When this Action has been terminated, the Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

6.2. Protocols for Secure Storage. Designated Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.3. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose "CONFIDENTIAL" Information or Items only to:

6.3.1. the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

6.3.2. the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

6.3.3. Expert(s) (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6.3.4. the court and its personnel;

6.3.5. court reporters and their staff;

6.3.6. professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6.3.7. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

6.3.8. during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Designated Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

6.3.9. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

6.4. Disclosure of "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in

writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    6.4.1. the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    6.4.2. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    6.4.3. the court and its personnel;

    6.4.4. private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    6.4.5. professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    6.4.6. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

    6.4.7. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

    6.5.    Examination Rights with Designated Material. Nothing herein in any way restricts the ability of the Receiving Party to use "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced to it in examining or cross-examining any employee or consultant of the Designating Party.

    6.6.    Attorney's Use of Designated Material. Nothing herein shall bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information produced or exchanged under the terms of this Order; provided, however, that in rendering such

advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY produced by another party if such disclosure would be contrary to the terms of this Confidentiality Agreement. The Parties further agree that Plaintiff is free to name revealed alleged infringers as defendants in lawsuit, notwithstanding any Party's designation of documents showing such information as HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY.

7. DESIGNATED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION(S)

7.1. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

7.2. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

7.3. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," that Party must:

7.4. promptly notify in writing the Designating Party providing a copy of the subpoena or court order;

7.5. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order along with a copy of this Protective Order; and

7.6. cooperate with respect to all reasonable procedures sought or pursued by the Designating Party whose Designated Material may be affected.

8. NON-PARTY(S)

8.1. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

8.2. If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Designated Material.

8.3. If a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

8.4. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

8.5. promptly provide the Non-Party with a copy of this Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

8.6.　make the information requested available for inspection by the Non-Party, if requested.

9.　UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.　PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

10.1.　Federal Rule of Civil Procedure 26(b)(5)(B).　When processing certain material subject to a claim of privilege or other forms of protections, the obligations of the Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This Order is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

10.2.　Filing Protected Material.　A Party that seeks to file under seal any protected material must comply with Local Civil Rule 79-5.　Protected material may only be filed under seal pursuant to a court order authorizing the sealing of the specific protected material at issue.　If a Party's request to file protected material under seal is denied by the court, then the other Party may file the information in the public record unless otherwise instructed by the Court.

10.3.　Federal Rule of Evidence.　Pursuant to Federal Rule of Evidence 502(d) and (e), as far as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the

parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 11. MISCELLANEOUS

11.1. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification in the future.

11.2. Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, neither Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

## 12. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 3, within 60 days of a written request by the Designating Party, each Receiving Party must return all Designated Material to the Producing Party or destroy such material. As used in this subdivision, "all Designated Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Designated Material. Whether the Designated Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Designated Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Designated Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Designated Material.

Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order as set forth in Section 3 (DURATION).

13. **VIOLATION**

Any violation of this Order may be punished by all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

The undersigned attests that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content, and have authorized the filing.

Dated: September 8, 2023

/GW/
By: Gary F. Wang (SBN 195656)
Law Offices of Gary F. Wang

Attorneys for Plaintiff/ Counter Defendant

Dated: September 8, 2023

/NC/
By: Nathan B. Camuti (SBN: 300568)
CAMUTI LAW GROUP APC

Attorney for Defendants/Counterclaim Plaintiffs

**ORDER**

GOOD CAUSE APPEARING, the Court hereby approves this Stipulated Protective Order.
SO, ORDERED.

Steve Kim, U.S. Magistrate Judge
Dated: September 13, 2023


**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Premiertek v. Wei Bing Marc et al.* 2:22-cv-08590-MEMF-SK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____